THE PEOPLE OF THE STATE OF NEW YORK, PLAINT-
IFF, *v.* THE CENTRAL CROSS-TOWN RAILROAD
COMPANY OF NEW YORK, DEFENDANT.

*Order discontinuing an appeal, entered by consent, should not be vacated on an ex*
*parte application—when the attorney-general may properly discontinue an*
*action brought by him in the name of the people for the benefit of private*
*persons.*

This action was brought by the people to restrain the defendant, a street rail-
road company, from laying its tracks in a portion of one of the streets in
the city of New York. It was brought with the consent of the attorney-
general, and was prosecuted by the attorneys for a rival railroad company,
which had already brought a similar action against the defendants herein,
in which it had been defeated, and a judgment rendered in favor of the
defendant, which had been affirmed on appeal to the General Term.

The complaint herein, having been dismissed upon the trial, the acting attor-
neys, without any express authority, appealed to the General Term. There-
after, the attorney-general, upon the application of the attorneys for the
defendant, signed a stipulation that either party might enter an order dis-
continuing the appeal without costs; the attorney-general holding that
the action involved no question of public interest, but was a mere contest
between rival companies, which had, in effect, been already decided in the
former action between them. Upon this stipulation an order discon-
tinuing the appeal was entered. Subsequently, the successor to
the attorney-general who signed the stipulation for the discontinu-
ance of the appeal, consented that the said order should be vacated
and the appeal prosecuted, if the court thought it could be done.
Upon this consent, the attorneys who had brought the action procured
an order, on an *ex parte* application, vacating the order discontinuing
the appeal. Upon an appeal from that order, and from one denying
a motion made by the defendant to vacate it; *Held,* that the order of
discontinuance should not have been vacated without notice to the de-
fendants.

That, upon the merits, the order discontinuing the appeal was properly made,
and should not have been vacated.

APPEAL from an order of the Special Term, vacating an order of

discontinuance of the appeal from the judgment herein, and directing that the appeal proceed as if such order had not been made, and also an order denying a motion to vacate the said order.

This action was brought in 1876 to restrain the defendant from laying its tracks in portions of West street in the city of New York, on the ground that, under its charter, it had no right to place them there.

The Christopher and Tenth Street Railroad Company had already brought an action for the same purpose against the same defendant, and had been defeated therein, and also upon an appeal taken by it to the General Term. (A memorandum of the decision is published in 4 Hun., at p. 630.) This action was brought in pursuance of an application made by it to the attorney-general, and was conducted by its attorneys.

*Simon Sterne*, for the appellant.

*O. E. Bright*, for the respondent.

DAVIS, P. J.:

This action was brought with the consent of the attorney-general, and prosecuted by Messrs. Flanagan and Bright attorneys. An application was made to the attorney-general before the trial of the issues to discontinue the same, but he concluded that the action might be tried upon its merits. Upon the trial at Special Term the complaint was dismissed upon the merits. Afterwards, and without any express authority from the attorney-general, an appeal was taken from the judgment by the acting attorneys in the case. An application was subsequently made to the attorney-general to discontinue the appeal and arrest the further progress of the case. That application was granted for the reasons assigned in an opinion given by the attorney-general, which is as follows:

" This action, nominally by the people, is in fact a private controversy between two rival railroad corporations. It involved no question of public interest, and ought not to have been commenced. The main interest of the public in such corporations is to have, as an equivalent for the franchise, safe, cheap and con-

venient facilities for travel, and the prevention of abuses of power. In a private action between these corporations, the defendant company was adjudged, by the General Term of the Supreme Court, to have kept, in the construction of its road, within its chartered powers. A judgment to the same effect has been rendered in this action after a trial upon the merits. The courts, therefore, have twice declared that there is no cause for forfeiting the defendant's charter. I am of opinion that the decision of the courts is clearly right, and that the litigation in the name of the people should terminate. The practice is quite too common, where private corporate interests appear to conflict, for one interest to invoke the interposition of the State, to destroy its competitor, upon some technical or trivial grounds, and use the attorney-general as a sort of public executioner for that purpose. I have endeavored to keep my official action uniform against such use of the authority of this office.

"A. SCHOONMAKER, JR.,
"Attorney-General."

The attorney-general, and the attorney for the defendant in the action signed a stipulation consenting that the appeal from the judgment be discontinued without costs to either party against the other, and that an order to that effect be entered without motion by either party, which order was entered accordingly. On January 29, 1880, the present attorney-general signed a consent on the part of the plaintiff that the order discontinuing the appeal "be vacated and set aside if in the judgment of the court the same can now be done, and that the said appeal proceed to a hearing in due course, and that such order be made in the premises as may be proper," and on January 31, following, an order was entered *ex parte* by the Special Term, directing that the order discontinuing the appeal be vacated and set aside and that the appeal proceed as if such order had not been made, and that the plaintiff have twenty days from date to serve a proposed case on appeal. Application was then made and an order obtained on behalf of the defendants, requiring the plaintiffs to show cause why the order vacating the order of discontinuance should not itself be vacated. Upon

the hearing of that motion both parties appeared and the court denied the motion. Appeals were taken by the defendant from both of these orders.

It was probably in the power of the court, at Special Term, to vacate the order of discontinuance and reinstate the appeal in its discretion. But it certainly seems to have been improvident to have done so, upon an *ex parte* application, and upon the consent of one of the parties to the action, who had stipulated that the same should be discontinued without costs to either party. The defendant certainly had sufficient interest in the question to have been entitled to notice of the application so seriously affecting his rights. The fact, however, that the order was improvidently granted may be deemed cured by the subsequent proceedings which led to a hearing of the motion upon the merits as presented by both parties, and resulted in the refusal to vacate the *ex parte* order.

The question, therefore, comes before us as a matter of discretion upon the merits. We have carefully examined all the papers presented on these appeals, and are of opinion that the views expressed in the opinion of the attorney-general were eminently sensible and just. The papers show that the exact question involved in this action had been fully litigated and passed upon, both by the Special and General Terms, on their merits, in an action brought by the party interested in the prosecution of this action, and the mere change of the parties, and of the form of the action, alone prevented that judgment from being an estoppel in this case. The controversy was really one between two railroad corporations, to determine whether one of them could lawfully exclude the other from the occupation of portions of a public, street for the exercise of its franchise and the convenience of the public. In that controversy, when prosecuted between the parties interested, the courts upheld the right of the present defendants to the use of the *locus in quo*, and it was after such a decision that the antagonist railroad company resorted to the attorney-general, and sought to enlist the people of the State of New York in a controversy in which, it is manifest, the people had no substantial interest. The public street did not belong to the State in its corporate capacity, but probably to the city of New York, and the State

had no greater interest to determine the question of the right of the defendants to use it for railroad purposes, than to determine all controversies as to intrusions or encroachments on public highways throughout the whole State. It was, as the attorney-general suggests, an improvident litigation for the State to enter upon, and the suit ought not to have been allowed. Having been allowed, however, it remained altogether under the control of the attorney-general, to be prosecuted, or abandoned, as his judgment dictated. As was said in *People* ex rel. *Peabody* v. *Attorney-General* (22 Barb., 114): "Although private rights are always more or less involved in the action (in the name of the people), yet it is, in substance as well as in form, an action on behalf of the people. It must be prosecuted in their name and by the officer whose duty it is to protect their rights." And again, the court say, "It is a legal presumption that he (the attorney-general) will do his duty ; that he will act with strict impartiality. In this confidence he has been endowed with a large discretion. The exercise of such discretion is, in its nature, a judicial act from which there is no appeal, and over which courts have no control." Substantially the same views were expressed by ALLEN, J., in *People* ex rel. *Demarest* v. *Fairchild* (67 N. Y., 334).

In this case, private interests undertake to conduct and control the public duty of the attorney-general ; and they ask the court, because his successor consents, virtually to direct that an appeal shall be prosecuted in a case where the attorney-general has deliberately decided that it ought to be discontinued. This certainly should not be done except in a case presenting strong merits.

In this case we are unable to see any such merits as call for the intervention of the people. We think the discontinuance should not have been disturbed ; and that the orders appealed from should both be reversed, with $10 costs, and the disbursements of the appeal.

BARRETT, J., concurred.

Present—DAVIS, P. J., BARRETT and DANIELS, JJ.

Orders reversed, with $10 costs, and disbursements.